UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEROY WARD,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TIMOTHY M. LOCKWOOD, et al.,<br><br>　　　　　　Defendants. | 1:16-cv-01721-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.　BACKGROUND**

　　　Jimmy Leroy Ward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On November 14, 2016, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

　　　On December 5, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff's Complaint is now before the court for screening.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Institution for Men (CIM) in Chino, California. The events at issue in the Complaint took place at CIM, Mule Creek State Prison (MCSP) in Ione, California, and the California Substance Abuse Treatment Facility (SATF) in Coalinga, California, when Plaintiff was housed at each of those facilities in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Timothy M. Lockwood (Chief, Regulation and Policy Management Branch, CDCR), Correctional Officer (C/O) Greenwall (MCSP), Sergeant Delao (MCSP), Hall (Correctional Counselor I, CIM), Captain LeMasters (CIM), C/O J. Barrios (SATF), Sergeant D. Canales (SATF), Captain P. Brightwell (SATF), and three John Doe defendants (Classification Staff Representatives, CDCR) (collectively, "Defendants").

The gravamen of Plaintiff's Complaint is that he was sexually assaulted by another inmate and Defendants failed to protect him from risk of harm, transferred him to a prison with known enemies, and issued a Rules Violation Report against him. It appears that Plaintiff was moved from CIM to MCSP and then to SATF, where he arrived on June 14, 2014. Plaintiff is now back at CIM.

Plaintiff seeks monetary damages, injunctive and declaratory relief, costs of suit, and attorney's fees.

**IV.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Crowley, 678 F.3d at 736 (internal citations omitted).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others

which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Rule 8(a) of the Federal Rules of Civil Procedure

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard.

The court finds the allegations in Plaintiff's Complaint to be vague and conclusory. It is unclear when each of the events happened, and at which facility. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claims. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977); also see McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Plaintiff's complaint must give each "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face,'" allegations that link the actions or omissions of each named defendant to a violation of his rights, and factual allegations sufficient to raise a right to relief above the speculative level. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Plaintiff has not satisfied these requirements in the Complaint.

Because Plaintiff has failed to comply with the requirements of Rule 8(a), the Complaint shall be dismissed. The court will, however, grant leave to file an amended complaint. The courts sets forth below the legal standards for the claims it appears Plaintiff seeks to bring. Plaintiff should review the standards before deciding which claims to bring in the amended complaint.

### B. Allegations of Events at CIM – Lack of Venue

Plaintiff's claims arise from events occurring at CIM in Chino, California; MCSP in Ione, California; and SATF in Corcoran, California. Plaintiff's claims arising out of events at SATF and MCSP are proper in this Eastern District of California. However, venue for Plaintiff's claims arising out of events at CIM is not proper in this district, and those claims may not be pursued in this action. Plaintiff shall be granted an opportunity to file an amended complaint, in which he should omit any claims for relief arising out of events occurring at CIM. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). If Plaintiff wishes to pursue the claims arising at CIM, he may file a new action in the Central District of California.

### C. Failure to Protect -- Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.

Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff fails to state a claim under the Eighth Amendment against any of the Defendants for failure to protect him from harm. Plaintiff has not alleged facts showing that any Defendant knew about a substantial risk of serious harm to Plaintiff and acted unreasonably, or failed to act, while consciously disregarding the risk. Plaintiff should name each Defendant and allege acts by each Defendant showing personal participation in the deprivation of Plaintiff's rights. It is not sufficient to allege that a Defendant "had reasonable belief that there was a substantial risk of harm." Plaintiff must allege *facts* explaining how the

Defendant knew about the risk of harm and how the Defendant acted, showing that the Defendant ignored or knowingly disregarded the risk, causing Plaintiff to be placed in harm's way. Plaintiff should also describe any injuries resulting from Defendants' failure to protect him. Plaintiff is advised to set forth his allegations in chronological order, giving dates and locations of the events and telling what he saw, heard, personally experienced, or otherwise knew (and how he knew it).

### D. Fourteenth Amendment – Due Process

Plaintiff indicates that he has a claim under the Fourteenth Amendment, without further explanation. Such claim may be based on Plaintiff's allegations that he was wrongfully charged with a rules violation at the prison.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

Plaintiff alleges he was issued a Rules Violation Report (RVR) for refusing to program on the general population yard. However, Plaintiff's Complaint does not explain if he was given a hearing, found guilty, or disciplined for the rules violation. If he was disciplined, Plaintiff must allege how he was disciplined and whether the disciplinary action was reversed. Plaintiff has not provided sufficient information for the court to determine if Plaintiff has a protected liberty interest based on the RVR.

The process due in a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues presented are legally complex. Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

///

The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny.

Plaintiff also alleges that he was adversely transferred from one prison to another. Plaintiff is advised that prisoners have no constitutional right to incarceration in a particular institution. See Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976). Plaintiff has not alleged facts demonstrating that the transfer established the existence of a protected liberty interest.

Based on the foregoing, Plaintiff fails to state a due process claim against any of the Defendants.

### E. State Law Claims

Plaintiff alleges that defendant Lockwood "fail[ed] to educate CDCR officers, supervisors and employees under his authority." (ECF No. 1 at 4.) Failure to train employees is a state law claim. Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's claim for failure to train fails.

### F. Attorney's Fees

In addition to other relief, Plaintiff requests attorney's fees. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as state in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.")

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the Complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added). Plaintiff must omit from the First Amended Complaint any claims that arose from events occurring at CIM, because this district lacks venue over those claims and over the defendants employed at CIM.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff has not been granted leave to add allegations to the complaint of events occurring after the initiation of this suit on November 14, 2016.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01721-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**August 26, 2017**__  _____/s/ Gary S. Austin_____
UNITED STATES MAGISTRATE JUDGE