# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEROY WARD,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY M. LOCKWOOD, et al.,<br><br>Defendants. | 1:16-cv-01721-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO STATE A CLAIM, WITH PREJUDICE**<br>**(ECF Nos. 6, 7.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Jimmy Leroy Ward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 14, 2016, 2015, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On August 28, 2017, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend within thirty days.  (ECF No. 6.)  The thirty-day deadline passed, and Plaintiff has not file an amended complaint or otherwise responded to the court's screening order.

1

On October 18, 2017, the court issued an order to show cause, requiring Plaintiff to file a response within fourteen days, showing cause why this case should not be dismissed for Plaintiff's failure to respond to the August 28, 2017, screening order. (ECF No. 7.) The fourteen-day deadline has passed, and Plaintiff has not filed any response to the order to show cause.

**II.    DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER**

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since November 14, 2016.  Plaintiff's failure to comply with the court's orders may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not comply with court orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources.  Given that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is

not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the court finds this sanction appropriate in light of the fact that Plaintiff's failure to file an amended complaint has resulted in no pleading on file which sets forth any claims upon which relief may be granted. Moreover, Plaintiff was forewarned in the court's screening order of August 28, 2017, that his failure to comply with the order would result in dismissal of this case for failure to state a claim.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that this case be dismissed, with prejudice, based on Plaintiff's failure to obey the court's orders of August 28, 2017, and October 18, 2017, and failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2017**                **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE